UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SERGIO GROBLER, derivatively on behalf of INOTIV, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT W. LEASURE, BETH A. TAYLOR, GREGORY C. DAVIS, R. MATTHEW NEFF, RICHARD A. JOHNSON, JOHN E. SAGARTZ, NIGEL BROWN, and SCOTT CRAGG, <br><br> Defendants, <br><br> and <br><br> INOTIV, INC., <br><br> Nominal Defendant. | Case No: 4:22-cv-00064-PPS-JPK <br><br><br> **JOINT MOTION REGARDING SERVICE AND STAYING DERIVATIVE ACTION** |

Plaintiff Sergio Grobler ("Plaintiff"), Nominal Defendant Inotiv, Inc. ("Inotiv"), and Robert W. Leasure, Beth A. Taylor, Gregory C. Davis, R. Matthew Neff, Richard A. Johnson, John E. Sagartz, Nigel Brown, and Scott Cragg ("Individual Defendants" and with Inotiv, "Defendants" and with Plaintiff, the "Parties"), by and through their respective undersigned counsel of record, stipulate and jointly move as follows:

WHEREAS, on September 9, 2022, Plaintiff filed the Verified Shareholder Derivative Complaint (the "Complaint") (Dkt. No. 1) on behalf of Inotiv against the Individual Defendants seeking to remedy alleged breaches of fiduciary duties, abuse of control, gross mismanagement, waste of corporate assets, and violations of Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act") that allegedly have caused harm to Inotiv (the "Derivative Action");

WHEREAS, on September 12, 2022, this Derivative Action was reassigned to this Court (Dkt. No. 4);

WHEREAS, on September 16, 2022, Inotiv was served with the summons and Complaint;

WHEREAS, there is a related, putative securities class action styled as *Oklahoma Police Pension and Retirement System v. Inotiv, Inc., et al.,* Case No. 4:22-cv-00045-PPS-JEM (N.D. In.) pending before this Court (the "Securities Class Action") alleging violations of the Exchange Act;

WHEREAS, Plaintiff maintains that the Derivative Action has merit independent of and is not dependent on the ultimate outcome of the Securities Class Action;

WHEREAS, there is substantial overlap between the facts and circumstances alleged in the Derivative Action and the Securities Class Action, including some of the same defendants named in each action;

WHEREAS, defendants in the Securities Class Action anticipate filing a motion to dismiss;

WHEREAS, the Parties agree that a decision on a motion to dismiss in the Securities Class Action could have important implications for the efficient prosecution of the Derivative Action;

WHEREAS, in light of the similarities between this Derivative Action and the Securities Class Action, and in light of the anticipated motion to dismiss in the Securities Class Action, to conserve the Parties' and judicial resources, the Parties to this Derivative Action agree that all proceedings and deadlines in this Derivative Action, including discovery and Defendants' obligation to move, answer, or respond to the Complaint, should be voluntarily stayed pending resolution of the anticipated motion to dismiss the forthcoming amended complaint in the Securities Class Action;

**NOW, THEREFORE, PLAINTIFF AND DEFENDANTS HEREBY STIPULATE AND AGREE**, through their respective counsel, as follows:

1. The Individual Defendants hereby accept service of the Complaint filed in the Derivative Action;

2. All proceedings in the Derivative Action, including any obligation to answer, move against, or otherwise respond to any complaint filed in the Derivative Action, are hereby stayed pending resolution of any motion to dismiss in the Securities Class Action;

3. Defendants shall promptly notify Plaintiff of any related derivative lawsuits that are filed (in addition to the status of any stay in such lawsuits, including the duration of such stays), any related books and records demands, and any related litigation demands that Defendants receive;

4. Plaintiff may lift the stay upon twenty-one (21) days' notice to Defendants' undersigned counsel by email, in the event any related derivative action is not stayed for the same or longer duration as the stay of this Derivative Action;

5. During the pendency of the stay, Defendants shall timely notify Plaintiff of the scheduling of any mediations or formal settlement talks with the parties in: the Securities Class Action; any related derivative actions; and any related threatened derivative actions (including but not limited to any related books and records demands and related litigation demands). If Defendants are unable for any reason to include Plaintiff in any mediation held in the Securities Class Action, any related derivative action, or any related threatened derivative action (including but not limited to any related books and records demands and related litigation demands) during the stay, then Defendants agree to mediate with Plaintiff at or about the same time;[1]

---

[1] Should the stay be lifted, Defendants will include Plaintiff in any mediation or formal settlement talks with plaintiffs in any related derivative action or any related threatened derivative action

6. Defendants shall promptly produce to Plaintiff any documents produced during the pendency of the stay in any related derivative actions and in related threatened derivative actions (including any shareholder who made a related litigation demand and any shareholder who made a related books and records demand), subject to a mutually acceptable confidentiality agreement or protective order;

7. During the pendency of the stay, Plaintiff may amend the complaint, but Defendants need not answer, move, or otherwise respond to any amended complaint during the pendency of the stay;

8. In the event that Defendants agree to terms or conditions in connection with any stipulation, agreement, or motion to stay a related derivative action that in Plaintiff's perspective are more favorable to the plaintiff(s) to such stipulations, agreements, or motions to stay, those terms or conditions that Plaintiff regards as more favorable shall be deemed incorporated into this stipulation;

9. Upon termination of the stay, Defendants shall not move to stay this Derivative Action in deference to another derivative action;

10. Within fourteen (14) days after the termination of the stay, the Parties shall meet and confer and submit a proposed scheduling order governing further proceedings in this Derivative Action; and

11. By entering into this Joint Motion, the Parties reserve all of their respective rights, claims, and defenses in the Derivative Action, and no part of this Joint Motion shall be construed

---

(including but not limited to any related books and records demands and related litigation demands).

as a waiver of any rights, claims, or defenses not expressly addressed herein. Furthermore, the stay contemplated by this Joint Motion shall not prejudice Defendants' right to move to dismiss the complaint on any grounds after the stay is lifted.

**IT IS SO STIPULATED.**

Dated: November 4, 2022

| | |
|---|---|
| **WILLIAMS & PIATT, LLC** | **FROST BROWN TODD LLC** |
| */s/ Brad A. Catlin* | */s/ Darren A. Craig* |
| Brad A. Catlin, Atty. No. 21570-29 | Darren A. Craig, Atty. No. 25534-49 |
| 1101 North Delaware Street | 201 North Illinois Street, Suite 1900 |
| Indianapolis, IN 46202 | Indianapolis, IN 46204 |
| Tel: 317.633.5270 | Tel.: (317) 237-3800 |
| Fax: 317.426.3348 | Fax: (317) 237-3900 |
| Email: brad@williamspiatt.com | Email: dcraig@fbtlaw.com |
| *Local Counsel for Plaintiff* | *Local Counsel for Defendants* |
| **THE ROSEN LAW FIRM, P.A.** | **KATTEN MUCHIN ROSENMAN LLP** |
| Phillip Kim, Esq. | Michael J. Diver |
| 275 Madison Avenue, 40th Floor | Michael J. Lohnes |
| New York, NY 10016 | Carrie M. Stickel |
| Telephone: (212) 686-1060 | 525 West Monroe Street |
| Fax: (212) 202-3827 | Chicago, Illinois 60661 |
| Email: pkim@rosenlegal.com | Tel.: (312) 902-5200 |
| | Fax: (312) 902-1061 |
| *Counsel for Plaintiff* | Email: michael.diver@katten.com |
| | Email: michael.lohnes@katten.com |
| | Email: carrie.stickel@katten.com |
| | *Counsel for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Brad A. Catlin*