UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| SERGIO GROBLER, derivatively on behalf of INOTIV, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT W. LEASURE, BETH A. TAYLOR, GREGORY C. DAVIS, R. MATTHEW NEFF, RICHARD A. JOHNSON, JOHN E. SAGARTZ, NIGEL BROWN, and SCOTT CRAGG, <br><br> Defendants, <br><br> and <br><br> INOTIV, INC., <br><br> Nominal Defendant. | **Case No: 4:22-cv-00064-PPS-JPK** |

## ORDER

This matter is before the Court on a Joint Motion Regarding Service And Staying Derivative Action ("Joint Motion") [DE 8], filed on November 4, 2022. The Joint Motion purports to set forth an agreement between Plaintiff Sergio Grobler and Defendants (collectively "the Parties"). Defendants include: (1) the Nominal Defendant, Inotiv, Inc., and (2) the Individual Defendants, Robert W. Leasure, Beth A. Taylor, Gregory C. Davis, R. Matthew Neff, Richard A. Johnson, John E. Sagartz, Nigel Brown, and Scott Cragg. The Parties ask the Court to stay this case (hereinafter the "Derivative Action") pending resolution of a motion to dismiss in a related action, *Oklahoma Police Pension and Retirement System v. Inotiv, Inc.*, Case No. 4:22-cv-45-PPS-JEM (N.D. Ind.) (hereinafter the "Securities Class Action").

Finding good cause for the stay, and noting the Parties' agreement, the Court hereby **GRANTS** the Joint Motion Regarding Service And Staying Derivative Action **[DE 8]**, and **ORDERS** as follows:

1. The Individual Defendants hereby accept service of the Complaint filed in the Derivative Action.

2. All proceedings in the Derivative Action, including any obligation to answer, move against, or otherwise respond to any complaint filed in the Derivative Action, are hereby stayed pending resolution of any motion to dismiss in the Securities Class Action.

3. Defendants shall promptly notify Plaintiff of any related derivative lawsuits that are filed (in addition to the status of any stay in such lawsuits, including the duration of such stays), any related books and records demands, and any related litigation demands that Defendants receive.

4. Plaintiff may lift the stay upon twenty-one (21) days' notice to Defendants' counsel of record by email, in the event any related derivative action is not stayed for the same or longer duration as the stay of this Derivative Action.

5. During the pendency of the stay, Defendants shall timely notify Plaintiff of the scheduling of any mediations or formal settlement talks with the parties in any of the following: (a) the Securities Class Action; (b) any related derivative actions; or (c) any related threatened derivative actions (including but not limited to any related books and records demands and related litigation demands). If Defendants are unable for any reason to include Plaintiff in any mediation held in the Securities Class Action, any related derivative action, or any related threatened derivative action (including but not limited to any related books and records demands and related

litigation demands) during the stay, then Defendants agree to mediate with Plaintiff at or about the same time.[1]

6. Defendants shall promptly produce to Plaintiff any documents produced during the pendency of the stay in any related derivative actions and in related threatened derivative actions (including any shareholder who made a related litigation demand and any shareholder who made a related books and records demand), subject to a mutually acceptable confidentiality agreement or protective order.

7. During the pendency of the stay, Plaintiff may amend the complaint, but Defendants need not answer, move, or otherwise respond to any amended complaint during the pendency of the stay.

8. In the event that Defendants agree to terms or conditions in connection with any stipulation, agreement, or motion to stay a related derivative action that in Plaintiff's perspective are more favorable to the plaintiff(s) to such stipulations, agreements, or motions to stay, those terms or conditions that Plaintiff regards as more favorable shall be deemed incorporated into this stipulation.

9. Upon termination of the stay, Defendants shall not move to stay this Derivative Action in deference to another derivative action.

10. Within fourteen (14) days after the termination of the stay, the Parties shall meet and confer and submit a proposed scheduling order governing further proceedings in this Derivative Action.

---

[1] Should the stay be lifted, Defendants will include Plaintiff in any mediation or formal settlement talks with plaintiffs in any related derivative action or any related threatened derivative action (including but not limited to any related books and records demands and related litigation demands).

11. By entering into the Joint Motion, the Parties reserve all of their respective rights, claims, and defenses in the Derivative Action, and no part of the Joint Motion shall be construed as a waiver of any rights, claims, or defenses not expressly addressed herein. Furthermore, the stay contemplated by the Joint Motion shall not prejudice Defendants' right to move to dismiss the complaint on any grounds after the stay is lifted.

12. The Court **ORDERS** the Parties to file a report addressing the status of the Securities Class Action and this case by **January 6, 2023**.

SO ORDERED, this 15th day of November, 2022.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT