**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | |
|---|---|
| IN RE INOTIV STOCKHOLDER DERIVATIVE LITIGATION | Case No. 4:22-cv-00064-PPS-AZ<br><br>**FINAL ORDER AND JUDGMENT** |

This matter came before the Court for hearing pursuant to the Order of this Court dated January 7, 2026 ("Preliminary Approval Order") on the application of the Settling Parties for approval of the proposed Settlement as set forth in the Stipulation of Settlement dated December 18, 2025 and the Exhibits thereto (the "Stipulation"). Due and adequate notice of the Settlement having been given as required in the Preliminary Approval Order, and the Court having reviewed and considered all documents, evidence, and arguments and having been fully advised of the premises for the Settlement and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. This Final Order and Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation unless otherwise defined herein.

2. The Court has jurisdiction over the subject matter of the Derivative Actions, including all matters necessary to effectuate the Settlement, and the Settling Parties have consented to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement as reflected in the Stipulation. The Court also has personal jurisdiction over all of the Settling Parties.

3. The Court finds that the Settlement Notice provided to Inotiv stockholders was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement and Fee and Expense Amount, to all Persons entitled to such notice. The Settlement Notice fully satisfies the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process, and all applicable law.

4. The Court finds that the terms of the Settlement as set forth in the Stipulation are fair, reasonable, and adequate, and is in the best interests of Inotiv and its stockholders, and hereby fully and finally approves the Stipulation and Settlement in all respects. The Court further finds

that the Settlement is the result of arm's-length negotiations between experienced counsel fairly and adequately representing the interests of the respective Settling Parties. The Court therefore orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

5. The above-captioned derivative action and all claims contained therein, as well as all of the Released Claims (including Unknown Claims), are dismissed on the merits and with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. Upon the Effective Date, as defined in the Stipulation, Plaintiffs (acting on their own behalf and derivatively on behalf of Inotiv), Current Inotiv Stockholders, and any Person purporting to act derivatively on behalf of Inotiv, shall be deemed to have, and by operation of this Final Order and Judgment shall have fully, finally, and forever released, relinquished, and discharged, and shall be forever barred and enjoined from commencing, instituting, or prosecuting, any of the Released Claims against the Released Persons and any and all causes of action or claims (including Unknown Claims) that have or could have been asserted in the Derivative Actions by Plaintiffs, Inotiv, or any Inotiv stockholder derivatively on behalf of Inotiv, or Inotiv against the Settling Defendants or the Released Persons, arising out of, or relating to, the facts, transactions, events, matters, occurrences, acts, disclosures, statements, alleged omissions, or alleged failures to act alleged in the Derivative Actions.

7. Upon the Effective Date, Plaintiffs (acting on their own behalf and derivatively on behalf of Inotiv), Inotiv stockholders, and any Person purporting to act derivatively on behalf of Inotiv, shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged, and shall be forever barred and

enjoined from commencing, instituting, or prosecuting, any and all claims (including Unknown Claims) arising out of, relating to, or in connection with the defense, settlement, or resolution of the Derivative Actions against the Released Persons, as defined in the Stipulation. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

8. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, Plaintiffs' Counsel, and all Current Inotiv Stockholders (solely in their capacity as Inotiv stockholders) from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Derivative Actions or the Released Claims.

9. The Court finds that, during the course of the litigation of the Derivative Actions, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, Indiana Rules of Trial Procedure 11, and all other similar rules and laws.

10. The Court hereby approves the Fee and Expense Amount in accordance with the Stipulation and finds that such fee is fair and reasonable. No other fees, costs, or expenses may be awarded to Plaintiffs' Counsel in connection with the Settlement. The Fee and Expense Amount shall be distributed in accordance with the terms of the Stipulation.

11. The Court hereby approves the Service Awards to each Plaintiff to be funded solely from the Fee and Expense Amount.

12. Within seven (7) days of the entry of this Order, Plaintiffs shall file the necessary paperwork to effectuate dismissal of the State Derivative Action with prejudice.

13. The Settling Defendants have denied, and continued to deny, any and all allegations and claims asserted in the Derivative Actions. Neither the Stipulation, including any Exhibits attached hereto, nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way as a concession, admission, or evidence of the validity of any Released Claims, or of any fault, wrongdoing, or liability of the Released Persons or Inotiv; or (b) is or may be deemed to be or may be used as a presumption, admission, or evidence of, any liability, fault, or omission of any of the Released Persons or Inotiv in any civil, criminal, administrative, or other proceeding in any court, administrative agency, tribunal, or other forum. Neither the Stipulation nor the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file or use the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, standing, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. All agreements made and orders entered during the course of the Derivative Actions relating to the confidentiality of information shall survive this Order. All confidential material provided to Plaintiffs in the mediation and during the settlement negotiations shall be destroyed by Plaintiffs.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over all matters relating to the implementation and enforcement of the terms of the Stipulation.

16. In the event that the Effective Date does not occur, or if the Stipulation is terminated, cancelled, or otherwise fails to become effective for any reason:

a. the Settling Parties, Released Persons, and Related Parties shall be restored to their respective positions that existed immediately prior to the date of execution of the Stipulation;

b. all negotiations, proceedings, documents prepared, and statements made in connection with the Stipulation shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by a Settling Party of any act, matter, or proposition and shall not be used in any manner for any purpose (other than to enforce the terms remaining in effect) in any subsequent proceeding in the Derivative Actions or in any other action or proceeding; and

c. the terms and provisions of the Stipulation, including the Term Sheet—with the exception of the provisions of Section 8.4—shall have no further force and effect with respect to the Settling Parties and shall not be used in the Derivative Actions or in any other proceeding for any purpose, and any judgment or orders entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc.*

17. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk.

IT IS SO ORDERED.

ENTERED: March 19, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT